**Kelner & Kelner, Esqs.**
**7 World Trade Center, Suite 2700**
**New York, New York 10007**
**(212) 425-0700**

April 19, 2021

Honorable Lewis J. Liman
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

               Re: *Holloway v. City of New York, et al.*
                  Docket No.: 19-cv-08344 (LGS)

Dear Judge Liman:

      Our law firm represents plaintiff Sheila Holloway, as Administrator of the Estate of Casey Holloway, in this action. I am writing to request a conference to address an issue that has arisen during the course of the parties' discussions to finalize settlement documents.

      As the Court is aware, this action was settled for the sum of $1,650,000, following a settlement conference before Magistrate Judge Aaron. At the conference, the settlement was discussed and agreed as being purely between plaintiff and the City of New York, and I stated that I intended to discontinue our claims against the individual defendants if the matter was settled with the City. Subsequently, plaintiff submitted a proposed Compromise Order to the Court, which was reviewed and approved by counsel for the City prior to its submission. The Order, which the Court signed, directed that "<u>defendant City of New York shall issue payment</u> to Sheila Holloway, as administrator of the Estate of Casey Holloway and Kelner and Kelner in the amount of One Million Six Hundred and Fifty Thousand Dollars ($1,650,000.00), within ninety (90) days of receipt" of closing papers. *See* Docket No. 92 (annexed hereto as Exhibit A) (emphasis added).

      On April 5, 2021, counsel for the City e-mailed me a proposed release. The proposed release, contrary to the agreed upon terms of settlement and this Court's Compromise Order, provided that the City would pay only $1,649,250.00 towards the settlement, and that the individual defendants Allen, Hill, and Smith would each pay $250.00 to make up the balance. The possibility of plaintiff's acceptance of monies from the individual defendants had never been discussed, let alone agreed, previously. Upon receipt of the proposed release, I contacted defense counsel, and expressed that the release was not consistent with the agreed terms of settlement or Your Honor's Compromise Order, which directed that the City was responsible for the full $1,650,000.00. Counsel responded that the City's position was that it was responsible only for the lesser amount in the release, and that plaintiff was required to collect $250 each from the individual defendants.

      The City should be directed to issue payment in accordance with the Compromise Order. For reasons of its own, it evidently secured small contributions from the individual defendants

after settling with plaintiff. It may, if it likes, take those monies as contribution on its cross-claims, but it still remains responsible for satisfying its settlement obligation to plaintiff. This is not a purely academic issue. The City's unilateral attempt to shunt $750 in financial responsibility to the individual defendants, without any prior discussion with plaintiff, has practical consequences. It will require plaintiff, potentially, to have to engage in unnecessary, time consuming efforts to collect relatively small amounts of money from individuals in order to finalize her settlement. And because this is a wrongful death action, if uncollected monies remain owed to the Estate, it will prevent Ms. Holloway from closing the Estate and being discharged as Administrator. It also may interfere with the disbursement of the balance of the settlement proceeds, in the discretion of the Surrogate. Plaintiff did not agree to accept any of these logistical difficulties in her settlement, which was with the City alone.

      I have made two attempts to avoid the necessity of the Court's involvement in this issue. First, I spoke with counsel for the individual defendants, in the hope that the monies could be promptly collected from the individuals and placed in her escrow account, rendering the issue moot. Despite her best efforts, only one of the three individual defendants has complied (which itself attests to the problem). Second, I spoke with counsel for the City, and made several suggestions for how to resolve the issue. The City was not amenable to any such resolution.

      In short, the City is refusing to honor the full settlement amount it agreed to pay, and which was already the subject of this Court's Compromise Order. I would therefore request that a conference be scheduled.

      I thank the Court for its consideration.

                          Respectfully submitted,

                          Joshua D. Kelner (JK-3303)

cc:

**By ECF**
Christopher Arko, Esq.
Sonya Gidumal Chazin, Esq.